UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW BARTHOLOMEW ) | |
| ) | Case Number |
| **Plaintiff** ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ) | |
| PROFESSIONAL RECOVERY ) | |
| ASSOCIATES, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Matthew Bartholomew, by and through his undersigned counsel, Bruce K. Warren, Esquire, and Brent F. Vullings, Esquire, of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.     Plaintiff, Matthew Bartholomew, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Matthew Bartholomew, is an adult natural person residing at 1054 Eaton Court, Pottstown, PA 19465-7720. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Professional Recovery Associates, Inc., ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of New Jersey, with its principal place of business located at Two Echelon Plaza 221, Laurel Road, Suite 160, Voorhees, NJ 08043.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around October, 2010, Plaintiff's father-in-law started to receive calls for the Plaintiff from the Defendant.

8. Defendant told Plaintiff's father-in-law that they needed to get in touch with the Plaintiff immediately.

9. Defendant went on to inform Plaintiff's father-in-law that they were calling in regards to a debt.

10. At that time Plaintiff's father-in-law told Defendant that he did not know how to get in touch with the Plaintiff.

11. Plaintiff's father-in-law demanded that the Defendant stop placing calls to his home.

12. Defendant replied to Plaintiff's father-in-law that the Defendant was permitted to call anyone at any time.

13. Defendant continued to call Plaintiff's father-in-law looking for the whereabouts of the Plaintiff.

14. Defendant has never spoken with the Plaintiff personally.

15. Plaintiff does not know what debt the Defendant is calling in regards to.

16. Plaintiff has never received anything in writing from the Defendant.

17. As of the filing of this complaint, the Plaintiff's father-in-law continues to receive collection calls for the Plaintiff.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, fear, frustration and embarrassment.

19. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

20. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such persons in connection with the collection of a debt.

21. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3) | Contact of a Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692b(6) | Contact of Third Party: After knowing the consumer is represented by an attorney |

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Professional Recovery Associates, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

27. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

28. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

29. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

30. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

31. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

32. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

33. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

34. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

35. The foregoing paragraphs are incorporated herein by reference.

36. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

37. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

38. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

  b.  Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c.  Defendant failed to comply with the FDCPA and FCEUA which are *per se* violations of the UTPCPL.

  39.  As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

  40.  By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

  **WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  a.  An Order declaring that Defendant violated the UTPCPL;

  b.  Actual damages;

  c.  Treble damages;

  d.  An award of reasonable attorney's fees and expenses and cost of suit; and

  e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date:  **July 27, 2011**			**BY:** <u> /s/  Bruce K. Warren bkw4066</u>
						Bruce K. Warren, Esquire


						**BY:** <u>/s/Brent F. Vullings_ bfv84356 </u>
						Brent F. Vullings, Esquire

						Warren & Vullings, LLP
						93 Old York Road
						Suite 333
						Jenkintown, PA 19046
						215-745-9800    Fax 215-745-7880
						Attorneys' for Plaintiff