IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW BARTHOLOMEW, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 2:11-cv-04895-EL |
| | : | |
| PROFESSIONAL RECOVERY SERVICES, INC., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**DEFENDANT PROFESSIONAL RECOVERY SERVICES, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND DEMAND FOR JURY**

Defendant Professional Recovery Services, Inc. ("Defendant"), by its undersigned counsel, answers Plaintiff's Complaint and states as follows:

1. Admitted that Plaintiff is an adult natural person. Admitted that this case is an action brought by Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA") and the Unfair Trade Practices and Consumer Protection Law ("UTPCLP"). All remaining allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

2. Admitted.

3. Admitted.

4. Admitted that Plaintiff is an adult natural person. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint, and therefore denies said allegations.

5. Admitted that Defendant has an office located at Two Echelon Plaza 221, Laurel Road, Suite 160, Voorhees, NJ 08043. Further admitted that Defendant is engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of New Jersey. All remaining allegations contained in paragraph 5 of Plaintiff's Complaint are denied.

6. Admitted that under certain circumstances, Defendant may fall under the definition of "debt collector" as that term is defined in the FDCPA. Admitted that Defendant is engaged in the collection of debts from consumers using the telephone and mail. All remaining allegations contained in paragraph 6 of Plaintiff's Complaint are denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Admitted that Defendant did not speak with Plaintiff in October 2010 through the date of the filing of this Complaint. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and therefore denies said allegations.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, and therefore denies said allegations.

16. Admitted that Defendant did not send Plaintiff anything in writing in 2010. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint, and therefore denies said allegations.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## COUNT I

24. All allegations incorporated by reference in paragraph 24 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

25. Denied.

26. Denied.

## COUNT II

27. All allegations incorporated by reference in paragraph 27 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

28. Admitted as to the contents of the FCEUA and the UTPCPL. Admitted that under certain circumstances, Defendant may fall under the definition of "debt collector" as that term is defined in the FCEUA. All remaining allegations contained in paragraph 28 of Plaintiff's Complaint are denied.

29. Denied.

30. Admitted as to the contents of the FCEUA and the UTPCPL. All remaining allegations contained in paragraph 30 of Plaintiff's Complaint are denied.

31. Denied.

32. Admitted as to the contents of the FCEUA and the UTPCPL. All remaining allegations contained in paragraph 32 of Plaintiff's Complaint are denied.

33. Denied.

34. Denied.

## COUNT III

35. All allegations incorporated by reference in paragraph 35 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

36. Admitted.

37. Admitted as to the contents of the UTPCPL. All remaining allegations contained in paragraph 37 of Plaintiff's Complaint are denied.

38 (a) – (c).   Denied.

39. Denied.

40. All other allegations in the Complaint not otherwise specifically admitted or denied herein are denied.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim upon which relief can be granted.

2. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

4. Plaintiff failed to mitigate his damages.

5. At all times Defendant acted in good faith.

6. Defendant did not make any false or misleading representation to Plaintiff or anyone else.

7. Plaintiff did not justifiably rely upon any alleged false or misleading representation.

## DEMAND FOR JURY

Defendant demands a jury pursuant to Fed. R. Civ. P. 38 for all issues so triable.

                                              FINEMAN KREKSTEIN & HARRIS, P.C.

                              By      /S/ Jennifer Tatum Root
                                        RICHARD J. PERR, ESQUIRE (PA 72883)
                                        JENNIFER TATUM ROOT, ESQUIRE (PA 308693)
                                        BNY Mellon Center
                                        1735 Market Street, Suite 600
                                        Philadelphia, PA 19103-7513
                                        (v) 215-893-9300; (f) 215-893-8719
                                        e-mail: rperr@finemanlawfirm.com
                                                    jroot@finemanlawfirm.com
                                        Attorneys for Defendant Professional Recovery Services, Inc.

Dated: _____December 16, 2011_____

# CERTIFICATE OF SERVICE

  I, JENNIFER TATUM ROOT, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically, or by first class mail, postage prepaid, or telecopy on the following:

Brent F. Vullings, Esquire  
Bruce K. Warren, Esquire  
Warren and Vullings, LLP  
93 Old York Road, Suite 333  
Jenkintown Commons  
Jenkintown, PA  19046  
(v)215-745-9800; (f) 215-745-7880  
bv@w-vlaw.com; bkw@w-vlaw.com  
Attorneys for Plaintiff

                 /S/ Jennifer Tatum Root  
                JENNIFER TATUM ROOT, ESQUIRE

Dated:  December 16, 2011